IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE DURHAM WOOD FIRED PIZZA ) <br> COMPANY LLC d/b/a DASHI; ) <br> NANASTEAK LLC; ANGLE ) <br> MANAGEMENT LLC d/b/a ) <br> THE COOKERY; ) <br> And PONYSAURUS BREWING LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CINCINNATI INSURANCE ) <br> COMPANY, MORRIS INSURANCE ) <br> AGENCY, INC.; and THE INSURANCE ) <br> CENTER OF DURHAM, INC., ) <br> ) <br> Defendants. ) | CASE NO. 1:20-cv-856 |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant, The Cincinnati Insurance Company ("Cincinnati"), and files this Notice of Removal under 28 U.S.C. § 1332. In support of this Notice of Removal ("Removal"), Defendant respectfully shows the Court as follows:

### I.
### STATEMENT OF GROUNDS FOR REMOVAL

1. This suit is an action in which this Court has original jurisdiction under 28 U.S.C. §1332, as it is an action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441[1] and 28 U.S.C. §1446.

2. Plaintiffs, The Durham Wood Fired Pizza Company LLC d/b/a Dashi ("Dashi");

---

[1] 28 U.S.C. §1441(b) provides that suits that do not arise under federal law are removable if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such actions is brought.

NanaSteak LLC ("NanaSteak"); Angle Management LLC d/b/a The Cookery ("Angle Management"); and Ponysaurus Brewing LLC ("Ponysaurus Brewing") (collectively the "Plaintiffs"), filed their Complaint on or about July 29, 2020, in the Superior Court for Durham County, North Carolina, in Case No. 20-CV-002885 styled "*The Durham Wood Fired Pizza Company LLC d/b/a Dashi et al. v. Cincinnati Insurance Company, Inc. et al.*" [2]

3. Plaintiffs sued Defendants alleging claims for declaratory relief (Cincinnati), breach of contract (Cincinnati), breach of the implied covenant of good faith and fair dealing (Cincinnati), violations of N.C. Gen. Stat. § 75-1.1 et seq. (Cincinnati), and negligence (Morris Insurance & The Insurance Center).

4. Cincinnati was served on August 25, 2020. Defendant Cincinnati files this Removal within 30 days after the receipt of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

## II.
## DIVERSITY OF CITIZENSHIP

5. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and the place where it maintains its principal place of business.[3]

6. Plaintiff Dashi's members are all North Carolina citizens.[4] Accordingly, Dashi is a citizen of North Carolina for purposes of determining diversity.

7. Plaintiff NanaSteak's members are all North Carolina citizens.[5] Accordingly, NanaSteak is a citizen of North Carolina for purposes of determining diversity.

8. Plaintiff Angle Management's members are all North Carolina citizens.[6] Accordingly, Angle Management is a citizen of North Carolina for purposes of determining

---

[2] *See* Exhibit "1" Plaintiffs' Complaint.
[3] *See* 28 U.S.C. §1332(c)(1).
[4] See Exhibit "2" Articles of Organization and Annual Report for The Durham Wood Fired Pizza Co. LLC.
[5] See Exhibit "3" Articles of Organization and Annual Report for NanaSteak, LLC.
[6] See Exhibit "4" Articles of Organization and Annual Report for Angle Management.

diversity.

9. Plaintiff Ponysaurus Brewing's members are all North Carolina citizens.[7] Accordingly, Ponysaurus Brewing is a citizen of North Carolina for purposes of determining diversity.

10. Defendant, The Cincinnati Insurance Company ("CIC"), is and was at the time that this action was instituted against it, incorporated and existing under the laws of the State of Ohio with its principal place of business in Fairfield, Ohio. Defendant, The Cincinnati Insurance Company, is a citizen of the State of Ohio.

11. Defendant Morris Insurance Agency, Inc. ("Morris Insurance") is registered to do business in the State of North Carolina with its principal office in Washington, North Carolina. With respect to the claims against Defendant Morris Insurance, Cincinnati asserts that it has been improperly and/or fraudulently joined in this action for the sole purpose of defeating diversity jurisdiction. There are insufficient facts to determine a reasonable basis of recovery against an insurance agency. *See, e.g., Mattison v. McGowen*, Case No. 07-cv-424, 2008 WL 11378804, *2 (E.D. Va. Feb. 4, 2008) (finding no cause of action for tort liability breach of a duty of care against an insurance claim professional could be sustained and denying motion to remand removed lawsuit). When fraudulent joinder is asserted, the Court may consider matter outside the pleadings to determine whether a cause of action grounded in fact exists.[8]

12. Defendant, The Insurance Center of Durham, Inc. (the "Insurance Center") is registered to do business in the State of North Carolina with its principal office in Durham, North Carolina. With respect to the claims against Defendant the Insurance Center, Cincinnati asserts that it has been improperly and/or fraudulently joined in this action for the sole purpose of defeating

---

[7] See Exhibit "5" Articles of Organization and Annual Report for Ponysaurus Brewing.
[8] *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.,* 903 F.2d 1000, 1004 (4th Cir. 1990).

3

diversity jurisdiction. There are insufficient facts to determine a reasonable basis of recovery against the claims professional. *Mattison*, Case No. 07-cv-424, 2008 WL 11378804, *2 (E.D. Va. Feb. 4, 2008). When fraudulent joinder is asserted, the Court may consider matter outside the pleadings to determine whether a cause of action grounded in fact exists.[9]

13. The removing party bears the burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no reasonable basis, for predicting that the plaintiff might establish liability against a named in-state defendant in state court.

14. Further, based on Plaintiffs' pleading, there is no basis to predict that Plaintiffs might be able to establish liability against Morris Insurance and/or the Insurance Center. Plaintiffs has not set forth any specific facts that would indicate that Morris Insurance and/or the Insurance Center improperly handled, undercut, or compromised the investigation leading up to Cincinnati's denial of the property damage claim. Absent any specific factual allegations that Morris Insurance and/or the Insurance Center violated a provision of the Policy in the handling of the claim, liability cannot be imputed to the insurance agency for merely doing its job. *See Mattison*, 2008 WL 11378804, *2. Plaintiffs erroneously assert that Morris Insurance and the Insurance Center breached their duties to Plaintiffs in procuring for them adequate insurance to Plaintiffs' needs. No evidence is presented to support Plaintiffs' claims.

15. Further, Plaintiffs' use of speculative and conclusory allegations against Defendant Morris Insurance and the Insurance Center is a common tactic that cannot in and of itself be grounds to substantiate any claims of negligence against an insurance agency.

16. Additionally, a relevant persuasive opinion in a similar situation as this matter was

---

[9] *Id.*

rendered by the United States District Court for the Central District of California in *Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn., et al.* In *Marks Engine*, the Court issued an opinion denying the plaintiff policyholder's motion for remand.[10] The Court rejected the plaintiff's argument and found that the declaratory judgment claim against Mayor Garcetti was a sham, since a party is fraudulently joined where a "plaintiff's claims against [the] alleged sham defendant [are] all predicated on a contract to which the defendant [is] not a party."[11] Similarly in this matter, Plaintiffs have attempted to argue that Morris Insurance and the Insurance Center, are proper parties to this action construing Plaintiffs' insurance policy with Cincinnati—despite the fact that Morris Insurance and the Insurance Center are not parties to the contract/policy. Accordingly, Defendant Cincinnati requests that this Court take judicial notice of the *Mark's Engine* opinion and, as the Court did there, dismiss the Morris Insurance and the Insurance Center on the basis of fraudulent joinder.

17. Based on the factual allegations made, it is evident that Plaintiffs have no intention of pursuing an action against Morris Insurance and the Insurance Center, and there is no plausible basis for joining Morris Insurance and the Insurance Center in this lawsuit other than to defeat diversity. This Court should look past Plaintiffs' cursory and general pleadings against Morris Insurance and the Insurance Center and find that they were improperly and/or fraudulently joined for the sole purpose of defeating removal on diversity grounds, as this matter is an insurance coverage dispute in which they cannot be liable as a matter of law.

18. There is complete diversity of citizenship between Plaintiffs Dashi, NanaSteak, Angle Management, and Ponysaurus Brewing, and the Defendant, Cincinnati. Therefore, removal

---

[10] See Exhibit "6" Opinion issued by the United States District Court for the Central District of California; Case No. 2:20-cv-04423-AB-SK, *Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn., et al.*

[11] *See id.*, at p. 7.

is proper under 28 U.S.C. §1332 and this Court has jurisdiction over these proceedings.

## III.
## AMOUNT IN CONTROVERSY

19. The monetary relief sought by Plaintiffs exceeds the minimum jurisdictional amount of $75,000.

20. Plaintiff Dashi pleads in the Complaint that it submitted a Statement of Loss to Cincinnati requesting reimbursement in excess of $376,000. (Complaint at ¶ 15(a)). Plaintiff NanaSteak pleads in the Complaint that it submitted a Statement of Loss to Cincinnati requesting reimbursement in excess of $565,000. (Complaint at ¶ 15(b)). Plaintiff Angle Management pleads in the Complaint that it submitted a Statement of Loss to Cincinnati requesting reimbursement in excess of $570,000. (Complaint at ¶ 15(c)). Plaintiff Ponysaurus Brewing pleads in the Complaint that it submitted a Statement of Loss to Cincinnati requesting reimbursement in excess of $272,500. (Complaint at ¶ 15(d)). On the face of the pleading, the amount in controversy between the Plaintiffs and Defendants exceeds $75,000.00, exclusive of interest and costs.

## IV.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

21. Defendant Cincinnati files this Notice of Removal within 30 days of August 25, 2020, the date it received Plaintiffs' Complaint, which was the first pleading instituting this action against it, and within the 1 year period set forth in 28 U.S.C. §1446(c). Defendant Cincinnati files this Notice of Removal without waiving any objections, exceptions or defenses to Plaintiffs' Original Petition.

22. This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a).

23. In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being

served on all parties, and a copy is being filed with the Clerk of the Court in the Superior Court of Durham County.

24. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the following documents are being submitted with this Notice of Removal: (a) an index of all documents filed in the state court; (b) a copy of the docket sheet in the state court action; (c) each document filed in the state court action; (d) a Certificate of Interested Parties and Corporate Disclosure Statement.

25. Defendant Cincinnati filed and presented herewith the sum of $400 to the Clerk of the United States District Court for the Middle District of North Carolina as required by this Court with the Original Notice of Removal filed on August 18, 2020.

26. If any question arises as to the propriety of the removal of this action, Defendant Cincinnati requests the opportunity to present a memorandum of law, evidence, and oral argument in support of the Notice and the removal of this action.

27. WHEREFORE, Defendant Cincinnati prays the Court hereby remove the state court action from the Superior Court for Durham County to the United States District Court for the Middle District of North Carolina.

This the 18th day of September, 2020.

                                          **BROWN, CRUMP, VANORE & TIERNEY, PLLC**

                                          By: /s/ Andrew A. Vanore, III
                                                Andrew A. Vanore, III
                                                NC State Bar No. 13139
                                                P.O. Box 1729
                                                Raleigh, NC 27602
                                                Telephone: (919) 890-4467
                                                Facsimile: (919) 835-0915
                                                Email: dvanore@bcvtlaw.com
                                                *Attorney for Defendant*

WE CONSENT:


  /s/ Josh Dixon
Josh Dixon
Victoria Kepes
Gordon & Rees LLP
421 Fayetteville Street, Suite 330
Raleigh, NC 27601
jdixon@grsm.com
vkepes@grsm.com
*Attorneys for Defendant Morris*
*Insurance Agency Inc.*


  /s/ Michael T. Medford
Michael T. Medford
Manning, Fulton & Skinner, P.A.
3605 Glenwood Avenue, Suite 500
Raleigh, NC  27612
medford@manningfulton.com
*Attorney for the Insurance Center*
*of Durham, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that a copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mark E. Anderson
Joan S. Dinsmore
McGuire Woods LLP
501 Fayetteville Street, Suite 500
Raleigh, N.C. 27601
manderson@mcguirewoods.com
jdinsmore@mcguirewoods.com
*Attorneys for Plaintiff*


This the 18th day of September, 2020.

                              **BROWN, CRUMP, VANORE & TIERNEY, PLLC**


                        By:   /s/ Andrew A. Vanore, III
                              Andrew A. Vanore, III
                              NC State Bar No. 13139
                              P.O. Box 1729
                              Raleigh, NC 27602
                              Telephone: (919) 890-4467
                              Facsimile: (919) 835-0915
                              Email:   dvanore@bcvtlaw.com
                              *Attorney for Defendant*