IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE DURHAM WOOD FIRED PIZZA COMPANY LLC d/b/a DASHI, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20cv856 |
| THE CINCINNATI INSURANCE COMPANY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiffs' Motion to Remand this action to state court filed on October 14, 2020. (ECF No. 31.) This suit arises out of an insurance policy purchased by Plaintiffs from Defendant The Cincinnati Insurance Company ("Cincinnati Insurance") through two insurance agents, Defendants Morris Insurance Agency, Inc., and The Insurance Center of Durham, Inc. (together, "Insurance Agents"). (ECF No. 5 ¶¶ 1, 8–9, 12, 35–36.) While the parties agree that Plaintiffs and Insurance Agents share North Carolina citizenship for purposes of diversity, Cincinnati Insurance argues that the Insurance Agents were fraudulently joined. (ECF No. 1 ¶¶ 11–12.) For the reasons that follow, the Court finds that the Insurance Agents were not fraudulently joined and, therefore, grants Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs sued Defendants in state court alleging four state law causes of action against Cincinnati Insurance and one state law cause of action for common law negligence against the Insurance Agents. (ECF No. 5 ¶¶ 96–129.) Specifically, Plaintiffs allege that the Insurance Agents negligently recommended that Plaintiffs purchase their policies from Cincinnati Insurance. (ECF No. 5 ¶¶ 123–29). According to Plaintiffs' complaint, Insurance Agents owed Plaintiffs a "duty to use reasonable skill, care and diligence" to produce insurance against the specific risks identified by Plaintiffs. (*Id.* ¶ 127 (quoting *White v. Consol. Planning, Inc.*, 603 S.E.2d 147, 160 (N.C. Ct. App. 2004)).) Further, Plaintiffs allege that Insurance Agents breached that duty by recommending insurance during a global pandemic that did not cover business losses incurred as a result of government-ordered shutdowns. (*Id.* ¶ 128.) Finally, they allege this breach caused them financial harm. (*Id.* ¶ 129.)

Cincinnati Insurance removed the case to this Court on September 18, 2020, claiming the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (2018). (ECF No. 1 at 1.) The parties agree that the amount in controversy is in excess of $75,000 and that Plaintiffs and the Insurance Agents share North Carolina citizenship. (ECF Nos. 1 ¶¶ 5–12, 19–20; 31 ¶ 2.) Cincinnati Insurance, however, asserts that its North Carolina co-defendants were fraudulently joined "for the sole purpose of defeating diversity jurisdiction." (ECF No. 1 ¶¶ 11–12.) Specifically, Defendants argue that the presence of the Insurance Agents as defendants constitutes a fraudulent joinder because Plaintiffs have no possibility of recovery on their theory of negligence. (ECF Nos. 38 at 2–3; 39 at 6–9; 40 at 1–2.) According to Defendants, an insurance agent owes a duty only to provide insurance that is "specifically

requested." (ECF No. 19 at 9 (citing *D C Custom Freight, LLC v. Tammy A. Ross & Assocs.*, 848 S.E.2d 552, 557 (N.C. Ct. App. 2020)); *see* ECF No. 24 at 5.)  Plaintiffs cannot recover, Defendants argue, because Plaintiffs did not overtly allege that they specifically requested insurance that protected lost income due to government shutdowns.  (ECF Nos. 19 at 11; 24 at 6.)  Insurance Agents additionally argue that they did not cause Plaintiffs' injuries because no available insurance covered the losses Plaintiffs sustained.  (ECF No. 19 at 12.)

Plaintiffs dispute these contentions, arguing that they "*made a clear request for advice*" in purchasing insurance from the Insurance Agents.  (ECF No. 42 at 3.)  According to Plaintiffs, resolution of this issue, as well as the question of cause, is a "fact-intensive question inappropriate for adjudication on a jurisdictional inquiry."  (ECF No. 34 at 8.)  Specifically, resolution of these issues rests on (1) what questions Plaintiffs asked of their agents, (2) what representations the Insurance Agents made concerning the policies, and (3) "the extent to which the insurance agencies participated in the investigation of Plaintiffs' business interruption claims."  (*Id.*)

## II. FRAUDULENT JOINDER

A motion to remand must be granted where the Court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c) (2012); *see Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir. 2008).  To establish subject matter jurisdiction through diversity, the removing party must show that (1) the amount in controversy exceeds $75,000, and (2) there is complete diversity between the parties, meaning no plaintiff shares state citizenship with any defendant.  28 U.S.C. § 1332(a)(1) (2018); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015).  A case lacking complete diversity may nevertheless be removed to federal court, however, if all

3

non-diverse defendants were fraudulently joined. *See Johnson*, 781 F.3d at 704. The fraudulent joinder doctrine permits a district court to "disregard" the citizenship of fraudulently joined defendants, assume jurisdiction over the case, and dismiss the non-diverse defendants. *Id.*

A party alleging fraudulent joinder bears the "heavy burden" to show either (1) "outright fraud" or (2) that there is "*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (quoting *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). Under the second path, defendants must prove that the plaintiff has no "glimmer of hope"—even a "slight possibility of a right to relief" requires remand. *Hartley*, 187 F.3d at 426. This "rigorous standard" is "'even more favorable to the plaintiff than the standard for ruling on a motion to dismiss,'" since a court "must resolve all *legal and factual* issues in their favor." *Johnson*, 781 F.3d at 704 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999)) (emphasis added). A court may look beyond the pleadings and consider the entire record to determine a plaintiff's possibility of recovery but should not "delv[e] too far into the merits" of the case, since to do so would "thwart[] the purpose of jurisdictional rules." *Hartley*, 187 F.3d at 425; *see Mayes*, 198 F.3d at 464.

### III. DISCUSSION

Under North Carolina law, a plaintiff establishes a prima facie case for an insurance agent's negligent failure to procure requested coverage by showing: "[1] the existence of a legal duty owed to the plaintiff by the defendant, [2] breach of that duty, and [3] a causal relationship between the breach and plaintiff's injury or loss." *Holmes v. Sheppard*, 805 S.E.2d 371, 374 (N.C. Ct. App. 2017). An insurance agent's duty arises when the agent "undertakes to procure for another insurance against a designated risk" or "lulls the insured into the belief that such

4

insurance has been effected" with "a promise or some affirmative assurance." *Id.* at 375. This is a fact intensive inquiry. *See id.* In *Holmes*, plaintiff had a possibility of recovery where there was evidence that his insurance agent knew that the reason he needed new building insurance was because his building was newly vacant, but nevertheless recommended insurance that did not cover vacant buildings. *Id.* In contrast, a plaintiff has no possibility of recovery—and remand is therefore inappropriate—where his dispute is not with "the adequacy of the coverage provided" but with "the manner in which [the insurer] carried out its contractual duties to the policyholder." *Harris v. State Farm Fire and Cas. Co.*, 2013 WL 3356582, *3 (E.D.N.C. July 3, 2012) (denying a motion to remand where plaintiff alleged only that the insurer negligently conducted an inspection to assess fire damage, and not that the policy itself was inadequate).

At this stage, the Court cannot conclude that the Insurance Agents were fraudulently joined. There remain questions of fact as to what Plaintiffs asked of the Insurance Agents, what promises or assurances the Insurance Agents made to Plaintiffs, and whether they otherwise acted to "lull" Plaintiffs into believing that their policies—purchased at a time when government mandated closures appeared imminent—would cover losses caused by such closures. Resolving each of these issues of fact in Plaintiffs' favor provides a clear path to recovery against the Insurance Agents. Unlike in *Harris*, Plaintiffs here directly challenge the "adequacy" of the coverage provided to them by the Insurance Agents rather than the "manner" in which an insurance provider carried out its contractual duties. Thus, there is some possibility that Plaintiffs will recover against the Insurance Agents.

5

Defendants' argument that Plaintiffs cannot recover because they failed to plead sufficient facts to establish a cause of action is inapposite. The question before this Court is not whether Plaintiffs have submitted a well pleaded complaint or plead sufficient facts to allege a cause of action against the Agents—these questions are for the state court. The question here, rather, is whether resolving both the factual and legal issues related to Plaintiffs' claim in Plaintiffs' favor provides even a "glimmer of hope" that their cause of action has even the "slightest possibility" of success in state court against the non-diverse parties; in this case, the Insurance Agents. The Court finds that they do. A resolution of all questions of law and fact in Plaintiffs' favor makes clear that a state court *could* find that the Insurance Agents owed Plaintiffs a duty, breached that duty, and caused them damages. Thus, the Insurance Agents were not fraudulently joined, and this case must be remanded.

## CONCLUSION

Cincinnati Insurance has failed to meet its heavy burden to show that Plaintiffs have no possibility of recovery against the Insurance Agents and that they were fraudulently joined. Consequently, because there is not complete diversity, this Court lacks subject matter jurisdiction, and the case must be remanded to state court.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that because this Court lacks subject matter jurisdiction over this action, the action is REMANDED to the General Court of Justice, Superior Court Division, Durham County, North Carolina.

IT IS FURTHER ORDERED that the Clerk of Court terminate this action upon remand.

This the 26th day of August 2021.

/s/ Loretta C. Biggs
United States District Judge